IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| R.G. DARBY COMPANY, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 7:07-CV-183(HL) |
| SRC CONSTRUCTION, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

# ORDER

Before the Court is Plaintiff's Motion to Compel Interrogatory Responses from SRC Construction, Inc. and Moody Family Housing, LLC (Doc. 50). Plaintiff filed the Motion to Compel on August 8, 2008, and to date, neither SRC Construction nor Moody Family Housing ("MFH") has filed a Response to the Motion. In its Motion to Compel, Plaintiff contends that on May 9, 2008, it served upon SRC and MFH Plaintiff's First Set of Interrogatories. After SRC and MFH failed to respond to Plaintiff's First Interrogatories within the thirty day period prescribed by Federal Rule of Civil Procedure 33, Plaintiff filed this Motion to Compel. In its Motion, Plaintiff seeks an Order compelling SRC and MFH to respond to the First Interrogaotries, and Plaintiff requests that it be awarded $490.00 for the attorney fees it incurred in bring this Motion. Attached to its Motion is the certification required by Local Rule

1

37.

SRC's and MFH's failure to respond to Plaintiff's First Interrogatories appears to be a willful attempt to obstruct the discovery process. Over four months have passed since they were served with the Interrogatories, and they have still failed to respond. To make matters worse, SRC and MFH did not even respond to the Motion to Compel. SRC and MFH are apparently content to sit and do nothing until expressly ordered by the Court to do otherwise. Because SRC and MFH have not responded to Plaintiff's Interrogatories, and they have not objected to the Interrogatories, Plaintiff's Motion to Compel is granted. SRC and MFH shall respond to Plaintiff's First Interrogatories no later than Monday, October 6, 2008. Failure to comply with this deadline will result in severe sanctions.

As to Plaintiff's request for expense shifting sanctions, Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, "the court <u>must</u>, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This rule creates a rebuttable presumption in favor of sanctions. <u>See, e.g.</u>, <u>Devaney v. Continental Am. Ins. Co.</u>, 989 F.2d 1154,1161-62 (11th Cir. 1993); 7 MOORE'S FEDERAL PRACTICE § 37.23[1], at 37-41 (3d ed. 2007). This presumption can be overcome if the nonmoving party demonstrates that: "(i) the movant filed the motion before attempting in good faith to

obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

In this case, neither SRC nor MFH have responded to the Motion to Compel, and therefore, they have not rebutted the presumption in favor of sanctions. As a result, Plaintiff is awarded $490.00 for the costs it incurred in bringing this Motion. This amount shall be paid by the attorneys for SRC and MFH by October 10, 2008.

**SO ORDERED**, this the 2nd day of October, 2008

*s/  Hugh Lawson*
**HUGH LAWSON, Judge**

dhc